IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DELAS CLAYTON,
and all others similarly situated,

    Plaintiffs,

v.                                            C.A. No.:   4:20-cv-325

**COLLECTIVE ACTION**

TEXAS PREMIER RESOURCES, LLC, and,
WILLIE BROWN, JR.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DELAS CLAYTON (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sues Defendant, TEXAS PREMIER RESOURCES, LLC, and WILLIE BROWN, JR. (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TEXAS PREMIER RESOURCES, LLC, has offices Harris County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Brazos County, Texas.

5. Plaintiff, DELAS CLAYTON, was employed by Defendants from May of 2019 through October of 2019 as a Driver whose duties were to provide haul waste water from the oilfield, and paid at the hourly rate of $18.00.

6. Defendant, TEXAS PREMIER RESOURCES, LLC, is a Limited Liability Company established under the laws of the State of Texas, having offices in Brazos County Texas, and Harris County, Texas.

7. Defendant, TEXAS PREMIER RESOURCES, LLC, is a limited liability company organized under the laws of the State of Texas, and primarily operates a trucking business and is an employer as defined by 29 U.S.C. § 203(d).

8. WILLIE BROWN, JR., is an individual residing in Harris County, Texas.

9. Defendant, WILLIE BROWN, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, TEXAS PREMIER RESOURCES, LLC, in relationship to Plaintiff, and others similarly situated; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

10. Defendant, WILLIE BROWN, JR., (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  WILLIE BROWN, JR. is a statutory employer under the FLSA.

11. Defendant, TEXAS PREMIER RESOURCES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, TEXAS PREMIER RESOURCES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, TEXAS PREMIER RESOURCES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff and others similarly situated. As a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

15. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff, and others similarly situated, performed work relating to the production of oil and gas products for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff and others similarly situated: 1) occupied a position as a Driver; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) were paid on an hourly basis.

17. Defendants' management required Plaintiff and other similarly situated to work in excess of 40 hours in a workweek.

18. Plaintiff and others similarly situated worked overtime in numerous workweeks while employed by the Defendants.

19. Defendants had a policy and practice of arbitrarily reducing the amount of time for which the Plaintiff and others similarly situated were paid.

20. While Defendants paid Plaintiff and others similarly situated for part of their overtime work, they were not paid for all of their overtime work. For example, in the workweek ending September 26, 2019, Plaintiff worked 49 hours, and in the workweek ending October 3, 2019, Plaintiff worked 76 hours. For this two week period, Plaintiff worked a total of 80 regular hours and 45 overtime hours. However, Defendants paid Plaintiff for only paid 80 regular hours and 33 overtime hours.

21. Plaintiff and others similarly situated were never informed by Defendants that their driving duties might subject them to interstate travel.

22. Plaintiff and others similarly situated always drove the same or similar type of truck and were always assigned jobs requiring travel solely within the state of Texas.

23. Plaintiff and others similarly situated never hauled anything but waste water and similar materials that originated within the state of Texas.

24. The locations to which Plaintiff and others similarly situated delivered the water and similar materials they hauled were all within the state of Texas.

25. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

26. Specifically, Plaintiff and all others similarly situated were never paid any overtime for the work in excess of 40 hours in a workweek.

27. The work schedules for the Plaintiff and all others similarly situated required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

28. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF TEXAS PREMIER RESOURCES, LLC WHO WERE EMPLOYED AS DRIVERS AT TEXAS PREMIER RESOURCES, LLC's BRYAN, TEXAS, TERMINAL.

29. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

  e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

  f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

  g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

30. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

31. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

32. Defendants' policy of not properly paying overtime is company-wide and "Drivers," throughout the state of Texas, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

33. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

34. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

35. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

36. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

37. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

38. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, DELAS CLAYTON, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, DELAS CLAYTON, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this January 29, 2020.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**